**COOPER v. COLLIE et al.**

No. 5194.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1936.

Dhu Thompson, of Monroe, for appellant.

Munholland & Munholland, of Monroe, for appellees.

TALIAFERRO, Judge.

A collision between plaintiff's Ford coupé, driven by his agent, Raymond Philips, and a truck owned by defendant W. Lawrence Collie, and driven by his son, Otis, occurred on the Dixie-Overland concrete highway after dark on January 14, 1935. The scene of the collision is about one mile east of the village of Calhoun. Both vehicles were traveling easterly. The truck was heavily loaded with pulpwood destined to the paper manufacturing mill, near West Monroe, La.

Plaintiff attributes the collision solely to the negligence and carelessness of defendant's son, who was driving the truck. This action was brought by him to recover $125, the value of the coupé at the time of the accident. Plaintiff contends that his car was completely demolished by the collision, the wreckage being worth not over $10. It is alleged by him that the truck, traveling at an excessive rate of speed, ran into the rear left side of the coupé with such force that it was knocked into the ditch on the south side of the highway. The specific elements of negligence charged against the operator of the truck are: Driving it in a reckless manner; excessive speed; defective lights; inefficient brakes; and failure to keep a proper lookout for traffic. He avers that his own car was being driven slowly at the time of the collision, on its proper side of the road, with the lights burning brightly.

W. Lawrence Collie and his son, Leslie Collie, alleged operator of the truck, were made defendants. It developed that Otis Collie was driving the truck; and for this reason Leslie passed out of the case.

Defendant admits ownership of the truck and that his son, driving it at the time of the accident, was acting for him. He denies that the truck ran into the coupé from the rear and avers that the truck had followed the coupé, in plain view, from Calhoun, and when on the straight section of the road where the collision occurred, after sounding its horn, proceeded to pass it, the coupé being at that time on its proper side of the highway; that the truck was then well north of the black line marking the center of the concrete portion of the road; that suddenly, when the truck reached the coupé, its speed was checked and, without warning or signal whatever, the driver thereof swerved it across the center line of the road and into the truck's path of travel; that the truck was turned as sharply to its left as was physically possible, under the circumstances, and driven onto the north shoulder of the road; and that in effecting this movement, its extreme rear right side came in contact with the coupé, which had continued to travel toward the truck, with the result that the coupé ran off of its right side of the road and turned over. It is affirmatively alleged that the accident was solely caused by the negligence of the coupé's driver, in that he was not keeping a proper lookout ahead of him. It is further charged that at the time of the collision, he was attempting to avoid running into a cow standing on the south side of the highway, and swerved his car so far to its left that it was impossible for defendant's driver to prevent a collision.

It is undisputed that the truck, after colliding with the coupé, ran into and killed the cow referred to, crossed the highway to its right, and finally rested erect in an adjoining field, 105 feet easterly from the place of impact. In the course of its tortuous journey, the entire load of wood fell off.

Defendant reconvened and sued plaintiff for the amount expended in repairing the truck's injuries.

The demands of both parties were rejected by the lower court and plaintiff has appealed. W. Lawrence Collie, answering the appeal, prays that the judgment rejecting plaintiff's demands be affirmed and that he have judgment on his reconventional demand, as by him prayed.

The testimony in this case, while not voluminous, is so hopelessly conflicting that we experience much difficulty, after a very studious consideration of it, in determining which side is correct in his contentions. We really have not determined the issue definitely. Not only do the eyewitnesses to the accident flatly contradict each other on nearly all the material points of the case, but persons who visited the scene the day following, for the purpose of inspecting the road to determine the relative position of the vehicles at the time of the collision, do not agree as to the location, with reference to the black center line in the road, of the rubber burns and skid marks thereon. Some say the marks made by the coupé's left rear wheel were north of this line, while others say they were on the south side of it.

The driver of the coupé states that he saw the cow or cows in the road 100 feet ahead of him and slowed down to avoid running into them, and at this juncture the truck ran into the coupé. He is positive he was then on his own side of the road. He is corroborated completely by Mr. Caspari, who was riding with him at the time. From this testimony it is easy to deduce that when the coupé slowed down on account of the presence of the cow or cows, the truck, ponderous and heavily laden, and traveling too close, sideswiped it in the effort to go around it, rather than run directly into its rear end.

Defendant's son and negro helper testified that the truck was traveling slightly faster than the coupé and, preparatory to passing it, had pulled over on their left side of the highway, 50 or 60 feet behind the coupé; and when the truck was in the act of passing the coupé, it veered to its left. To meet this shift in movement, the truck was also suddenly veered to its left and, they say, this caused the right rear end of the truck to strike the coupé about the region of the left rear wheel. This version of the accident has the earmarks of reasonableness; and when we take into consideration that there was at least one cow on the right side of the road and that it was but natural for the coupé's driver to try to pass it on his left side, the reasonableness of defendant's theory of the accident is apparent.

A man by the name of Wood, who was returning home from the day's work, testified that he was on the roadside only 20 feet from the accident, and saw all of it. He corroborated the testimony of defendant's son and the negro helper. Evidence on the part of defendant slightly preponderates in favor of his theory of the accident.

It is not improbable that the cow's movement toward the north side of the road precipitated an unexpected emergency, and the coupé, to avoid running over her, suddenly veered to its left. Its driver testified he did not know the truck was behind him. Under such circumstances, plaintiff would not be responsible for the damages to the truck. We feel sure that if the coupé was suddenly driven to its left, the presence of the cow caused it.

The trial judge, who saw and heard the witnesses, was unable to unscramble the maze of contradictory testimony to the extent that a judgment could be awarded either side. We find ourselves in a like situation; and for this reason, the judgment appealed from is affirmed. Costs of appeal are assessed against each side in equal proportions.